**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHRIS JOHNSON,**

    **Plaintiff,**

v.                                                   Case No.

**IRRIGATION TECHNICAL SERVICES,
INC.,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRIS JOHNSON, hereby sues Defendant, IRRIGATION TECHNICAL SERVICES, INC. (collectively, "ITS" or "Defendant") and states as follows:

**INTRODUCTION**

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover unpaid overtime wages and liquidated damages owed to Plaintiff.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1332.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. Plaintiff, CHRIS JOHNSON, is an adult and resident of Hillsborough County,

Florida.

4. Defendant, IRRIGATION TECHNICAL SERVICES, INC., is a Florida Profit Corporation authorized and doing business in this Judicial District.

5. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

6. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

7. At all times material, Defendant willfully violated the Fair Labor Standards Act.

8. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

10. On or about April 2, 2017, Plaintiff began his employment with Defendant as a Technician and later moved to the position of Site Manager in approximately Fall 2017. As a Site Manager, Plaintiff was initially paid an hourly rate of $22.00 until approximately August 2018, when Defendant switched him to a salary of $1,540 per week. Despite the change from hourly to salary, Plaintiff's job duties and responsibilities remained the same.

11. During his employment as a salaried employee with Defendant, Plaintiff worked an average of approximately 55 to 60 hours per work week, but was not compensated at a rate of time and one-half his regular rate of pay for all hours worked over 40 in a work week. Plaintiff was on-call 24/7 and regularly had to address work issues on nights and weekends. Moreover, Plaintiff consistently worked through his vacations.

12. Plaintiff worked under the supervision of Jamie Newberg (General Manager). If any matter of significance that arose on the job site, Plaintiff was required to immediately inform Newberg.

13. Plaintiff was primarily assigned to the Kings Point property in Sun City, Florida. Kings Point has approximately 5,600 homes and 114 Homeowner's Associations (HOAs).

14. A minimum of 50% of Plaintiff's job duties and responsibilities consisted of manual labor. Specifically, Plaintiff assisted the technicians and addressed emergencies such as fixing and/or replacing sprinkler heads. Additionally, Plaintiff dug up main lines, dug holes for wiring, ran an excavator, did pipe repair, and dug trenches.

15. Approximately 30% of Plaintiff's job duties and responsibilities consisted of programming the water controllers. This task was time consuming because Plaintiff was responsible for 56 controls and 1,634 zones. Plaintiff had the knowledge to program the water controllers based on his irrigation experience and classes he attended on how to operate the software used for the controllers.

16. The remaining 20% of Plaintiff's job duties and responsibilities involved a variety of tasks, including:

    a. attendance at meetings with property managers and landscapers where Plaintiff could provide information regarding the irrigation systems. For example, if a property owner put in a proposal to have a pool installed, Plaintiff would provide details on how that would impact the irrigation system;

    b. communicating with property managers on a variety of issues, including updates/status (what was working, what was not) and approval for repairs;

    c. reviewing the remote access for the water controls from home and disabling irrigation when issues arose;

    d. divvying up the daily work amongst the technicians.

17. While Plaintiff was senior to the technicians in the chain-of-command, Plaintiff did not have the authority to hire, fire, or discipline any employee of Defendant. On several occasions, Plaintiff made recommendations to Newberg regarding disciplining and/or terminating employees, but Plaintiff's recommendations did not carry any weight. Additionally, Plaintiff did not conduct job interviews of technicians, did not decide whether to make conditional job offers to technicians, and did not discipline any employees without direction from Newberg.

18. On January 3, 2020, Plaintiff resigned from his employment with Defendant due to the extensive work hours that were required of him without overtime compensation.

19. At all times material, Plaintiff was regularly required to work in excess of the maximum hours allowed by law (overtime hours). However, Defendant failed to keep accurate time records reflecting the hours worked by Plaintiff.

20. Plaintiff was/is not exempt from the overtime provisions of the FLSA. Therefore, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

21. Defendant's violations of the FLSA were/are knowing, willful, and in reckless disregard of the rights of Plaintiff.

22. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

23. Plaintiff, CHRIS JOHNSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

24. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

25. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

26. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of his job with Defendant. 29 U.S.C. §207(a)(1).

27. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

28. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

29. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

30. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. § 207.

31. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

32. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

33. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, CHRIS JOHNSON, respectfully requests that judgment be entered in his favor against Defendant, including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

36. Plaintiff, CHRIS JOHNSON, demands a trial by jury.

Dated this 7th day of May 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*